IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION AT JACKSON

**MARTHA KAY TYNES**  PLAINTIFF

VS.  CAUSE NO. 3:22-cv-473-DPJ-FKB

**THE KROGER CO;**
**PAUL CARR; JESSICA TILLMAN HOLLY**
**AND JOHN DOES 1-3**  DEFENDANTS

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, Kroger Limited Partnership I, (incorrectly named "The Kroger Co." in the Complaint and hereinafter referred to as "Kroger" or "Kroger Defendant"), by and through counsel, has removed this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and other applicable law, from the Circuit Court of the First Judicial District of Hinds County, Mississippi, (Civil Cause No. 22-209 (MEC Case Number: 25CI1:22-cv-00209-EFP)) to the United States District Court for the Southern District of Mississippi, Northern Division, located at Jackson, MS. The basis for removal is diversity of citizenship.

**Nature of the Civil Action Removed**

1.

On April 7, 2021 the Plaintiff filed the Complaint in the above referenced civil action, which for the first time gave notice that claims were being asserted against this defendant, Kroger Limited Partnership I. This Defendant was served with copies of the Summons and Complaint on July 27, 2022. This lawsuit first became removable to this Court at that time. A copy of the Plaintiff's Complaint filed with the Clerk of the Hinds County Circuit Court, Mississippi, along with all process, pleadings and orders is attached hereto as **Exhibit "A"** and incorporated herein by reference.

2.

The Complaint alleges that this lawsuit arose out of a trip and fall while on the premises of the Kroger store located at 6745 S. Siwell Road, Byram, Mississippi, on June 27, 2020. Plaintiff claims she sustained injuries to her arm, neck, back and other injuries. In her Complaint, the Plaintiff seeks damages as a result of Defendants' negligence and breach of duty care. Plaintiff claims to have suffered "physical pain and injuries, ongoing chronic pain, as well as emotional pain and suffering in the future . . ." and "is entitled to all damages of every type and variety that are permitted by law, including but not limited to, past/present/future physical and mental pain and suffering; past/present/future medical expenses, and lost wages." *See* Complaint [Doc. #2] at ¶ 29. Plaintiff requests damages to include "actual, compensatory, consequential, and incidental damages in an amount exceeding the jurisdictional minimal limits of this Court for compensatory damages and for punitive damages." *Id*.

**Removal Based on Diversity of Citizenship**

3.

Taking the allegations of the Complaint as true, Plaintiff is an adult resident citizen of Hinds County, Mississippi.

4.

Kroger Limited Partnership I (incorrectly named "The Kroger Co." in the Complaint), is an entity formed under the laws of the State of Ohio with its principal place of business located within the State of Ohio. Kroger Limited Partnership I, operates the grocery store in question. Further, Defendant provides the following CORPORATE DISCLOSURE STATEMENT for KROGER LIMITED PARTNERSHIP I.  The partners of Kroger Limited Partnership I are: KRGP Inc. is the general partner. It is an Ohio Corporation with Ohio citizenship. There are no parent corporations nor any publicly held corporations which own ten percent (10%) or more of its stock.

The Kroger Co. is the limited partner. It is an Ohio Corporation with Ohio citizenship. There are no parent corporations nor any publicly held corporations which own ten percent (10%) or more of its stock.  All Defendants required for removal have consented to and/or joined in this removal.

5.

Paul Carr was an employee of the Kroger Store located at 6745 S. Siwell Road in Byram, Mississippi on the date in question and is a resident of Mississippi. However, Mr. Carr is not a proper party to this cause of action because Plaintiff has pled no viable claim against him to establish liability; Plaintiff asserts the exact same negligence claim against Mr. Carr as she does against Kroger. A motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure will be filed on behalf of Mr. Carr. He has been improperly joined to this cause of action and is due to be dismissed. Improper joinder of a party to defeat diversity jurisdiction can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d at 573 (5th Cir. 2004). In establishing a cause of action against the non-diverse party in state court, "there must be a reasonable possibility of recovery, not merely a theoretical one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). Plaintiff's claim for negligence against Mr. Carr is identical to the claim for negligence against Kroger. Plaintiff made no specific allegations against Mr. Carr regarding his role as agent or employee of Kroger, no reference to Mr. Carr's alleged inadequate management, and no allegation, reference or mention of Mr. Carr's alleged degree of involvement as a managing individual. As such, Plaintiff cannot establish a cause of action against Mr. Carr and because Plaintiff has not pled any allegations that would impute liability to Mr. Carr in the Complaint, improper/fraudulent joinder applies.

6.

Jessica Tillman Holly was an employee of the Kroger Store located at 6745 S. Siwell Road in Byram, Mississippi on the date in question and is a resident of Mississippi. However, Ms. Holly is not a proper party to this cause of action because Plaintiff has pled no viable claim against her to establish liability; Plaintiff asserts the exact same negligence claim against Ms. Holly as she does against Kroger. A motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure will be filed on behalf of Ms. Holly. She has been improperly joined to this cause of action and is due to be dismissed. Improper joinder of a party to defeat diversity jurisdiction can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d at 573 (5th Cir. 2004). In establishing a cause of action against the non-diverse party in state court, "there must be a reasonable possibility of recovery, not merely a theoretical one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). Plaintiff's claim for negligence against Ms. Holly is identical to the claim for negligence against Kroger. Plaintiff made no specific allegations against Ms. Holly regarding her role as agent or employee of Kroger, no reference to Ms. Holly's alleged inadequate management, and no allegation, reference or mention of Ms. Holly's alleged degree of involvement as a managing individual. As such, Plaintiff cannot establish a cause of action against Ms. Holly and because Plaintiff has not pled any allegations that would impute liability to Ms. Holly in the Complaint, improper/fraudulent joinder applies.

7.

As a result of the foregoing facts, there is complete diversity of citizenship between the parties as defined by 28 U.S.C. § 1332(a)(1).

**Facts and Controversy Supporting Jurisdictional Amount**

8.

Pursuant to 28 U.S.C. § 1332 and § 1441, this Court has original subject matter jurisdiction over the present action based on diversity of citizenship, in that it is a civil action where the matter in controversy is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The Complaint was not filed in Hinds County Court with limited jurisdiction, but was filed and alleges and demands an unlimited amount of recovery of damages for personal injuries and past, present and future medical treatment, and punitive damages in the Circuit Court of Hinds County, Mississippi.

9.

Pursuant to 28 U.S.C. § 1441, the United States District Court for the Southern District of Mississippi, Northern Division at Jackson, is the federal district court for the district and division embracing the place where the state court suit is pending.

**Notice to Adverse Parties and the
Clerk of the Circuit Court, Hinds County, Mississippi**

10.

The removing defendant hereby certifies that written notice of the filing of this NOTICE OF REMOVAL has been served upon all adverse parties and a copy will be filed with the Clerk of the Circuit Court of Hinds County, Mississippi, thereby effecting the removal of this action to this Court. Pursuant to 28 U.S.C. § 1446(d) notice is hereby given that the state court action shall proceed no further unless and until the case is remanded.

**WHEREFORE, PREMISES CONSIDERED**, the removing Defendant files this NOTICE OF REMOVAL with the United States District Court for the Southern District of Mississippi, Northern Division at Jackson, and respectfully prays that this Court will proceed with the handling

of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Hinds County, Mississippi, shall proceed no further unless and until the case is remanded thereto.

**RESPECTFULLY SUBMITTED**, this the  12th  day of August, 2022.

FOR: **Kroger Limited Partnership I**

BY: */s/ Michael E. Phillips*
Michael E. Phillips

OF COUNSEL:
Michael E. Phillips, Esq. (MSB #100119)
Claire K. Robinett, Esq. (MSB #104984)
**HAGWOOD AND TIPTON, PC**
213 Draperton Drive | Suite A
Ridgeland, MS 39157
Direct: 601-326-2326
Main: 601-608-6300
Fax: 601-362-3642
Email: mphillips@hatlawfirm.com
Email: crobinett@hatlawfirm.com

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney of record, do hereby certify that I have this day served a true and correct copy of the foregoing NOTICE OF REMOVAL via the ECF and MEC systems upon the following:

R. Paul Williams, III (MSB #102345)
Matt Newman (MSB #103654)
Williams Newman Williams, PLLC
P.O. Box 23785
Jackson, MS 39225
Phone: (601) 949-5080
ATTORNEY FOR PLAINTIFF

Hon. Zack Wallace
Circuit Clerk of Hinds County
HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT
Circuit Clerk's Office
P.O. BOX 327
Jackson, MS 39205
Phone: (601) 968-6628
Fax: 601-973-5547
E-mail: zwallace@co.hinds.ms.us

**THIS**, the   12th   day of August, 2022.

BY:   **/s/ Michael E. Phillips**
            Michael E. Phillips
